UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER: 10-034 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| ASHTON R. O'DWYER, JR. | * | MAGISTRATE JUDGE HAYES |

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL PSYCHIATRIC AND PSYCHOLOGICAL EXAMINATION**

**NOW COMES** the defendant, Ashton R. O'Dwyer, Jr., who by and through undersigned stand-by counsel, respectfully opposes the Government's Motion for Pretrial Psychiatric and Psychological Examination.

The Government's motion is without merit. Mr. O'Dwyer clearly understands the nature of the proceedings and can prepare his defense. Before an examination can be ordered, there must be "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." 18 U.S.C. § 4241(a).[1] In order to establish the

---

[1] No grounds lie for an examination pursuant to 18 U.S.C. § 4242, as no Fed. R. Crim. P. 12.2 notice has been filed.

requisite "reasonable cause," there must exist a "reason to suspect [the defendant suffers from] a major mental disability, as opposed to a minor neurosis." *United States v. Williams*, 998 F.2d 258, 265 (5th Cir. 1993). There is no evidence that Mr. O'Dwyer suffers from a major mental disability.

In support of its motion, the Government argues that Mr. O'Dwyer's representations that he takes medication (Paxil) for depression and sees a psychiatrist as "reasonable cause" for an examination in this case. Those facts are not enough. The Government also urges that Mr. O'Dwyer's demeanor on February 1, 2010, at his initial detention hearing, is further evidence of the need for an examination. However, on February 12, 2010, during the hearing on Mr. O'Dwyer's motion for reconsideration of his detention, Dr. Wallace Jeanfreau, Mr. O'Dwyer's primary care physician, testified that the behavior demonstrated by Mr. O'Dwyer during the February 1st hearing was indicative of an individual who was undergoing withdraw from Paxil.[2] Therefore, "reasonable cause" does not exist in this case such that a § 4241 evaluation is necessary.

---

[2] As the Court is aware, the email to the bankruptcy court personnel, at issue in this case, contains a request by Mr. O'Dwyer for the release of funds in order fill his Paxil prescription, which at that time he had not taken for approximately 5 days.

2

**WHEREFORE**, the defendant Ashton R. O'Dwyer, Jr. prays that this Honorable Court deny the Government's motion for a psychiatric and psychological examination.

Respectfully submitted this 26th day of February, 2010.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender


/s/Cynthia Cimino
CYNTHIA CIMINO
Assistant Federal Public Defender
500 Poydras Street, Suite 318
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar # 30874
e-mail: cynthia_cimino@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 26, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Gregory Kennedy, Assistant United States Attorney, 500 Poydras Street, New Orleans, Louisiana 70130. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: N/A.

/s/Cynthia Cimino
CYNTHIA CIMINO
Assistant Federal Public Defender