MINUTES OF PROCEEDINGS                              March 17, 2010
[1 hr.]

UNITED STATES OF AMERICA

                                                    CRIMINAL
VERSUS                                              NO. 10-034 Section "N"(5)

ASHTON R. O'DWYER, JR.

* * * * * * * * * *

A status conference was held in the above-captioned matter on Wednesday, March 17, 2010, at 2:00 p.m., by telephone. Present for the defendant were attorneys Virginia Schlueter and Cynthia Cimino, and for the government was AUSA Greg Kennedy. Also present was Timothy Gantner, Mr. O'Dwyer's pretrial services officer.

Trial in this matter is expected to last 3 to 5 days.

Counsel noted that discovery has not commenced, and agree that because of the need to conduct forensic review of numerous computer files, the likelihood that substantive motions or motions in limine will be filed, and because of the crowded trial calendars of counsel, a setting well beyond the speedy trial delays is needed. **Therefore, the present trial and pretrial dates are hereby Continued**. Counsel were instructed to file a joint motion for a trial setting beyond the speedy trial delays on or before **March 26, 2010.** The motion is to set out the reasons why a setting beyond the delays is in the interests of justice, and is to include available dates for trial. Defendant is to file a speedy trial waiver along with the joint motion. **Defendant moved orally for discovery in accordance with Rule 16 and the applicable law, and the government moved orally for reciprocal discovery. Both motions were GRANTED.**

**The substantive motion deadline herein is April 16, 2010.**

The government has filed a motion to withdraw its request for a pretrial psychiatric evaluation, on the basis that the issue of Mr. O'Dwyer's competency was adequately addressed by the mental health evaluations conducted for purposes of the detention hearing held on March 5, 2010. **[doc. #38].** Insofar as the court deems the prior motion to be one seeking a competency determination from the court, the motion is **DENIED**. However, in light of the government's apparent acceptance of the opinion of the defendant's doctors, the court finds that no further

1

psychological evaluation on the issue of competency to stand trial is needed at this time, and that any further hearing is unnecessary. The court accepts the unrefuted evaluations and opinions of Drs. Mallik and Zimmerman, and finds that the defendant does **not** presently suffer from a psychological condition which renders him incapable of standing trial.

Finally, Mr. O'Dwyer's pretrial services officer indicated that funding to pay for the services of Dr. Morson, the physician who is presently treating defendant, is problematic because he is not under government contract. He agreed to contact Dr. Mallik and the psychiatrist who is under government contract in this district to determine whether the contract physician would be an appropriate choice to provide the recommended treatment. If so, Mr. O'Dwyer is to see the contract physician. If not, the pretrial services office will seek a waiver to allow Dr. Morson to continue treating Mr. O'Dwyer, either indefinitely or at least until such time as appropriate bids can be obtained.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE