

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 10-034 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| ASHTON R. O'DWYER, JR. | * | MAGISTRATE JUDGE HAYES |

**MOTION IN LIMINE AND INCORPORATED MEMORANDUM IN OPPOSITION TO THE INTRODUCTION OF <u>"OTHER ACTS" EVIDENCE</u>**

Now comes the defendant, Ashton R. O'Dwyer, Jr., in proper person, respectfully moves this Court to enter an order barring the Government from introducing "other acts" evidence at trial. On information and belief, the defendant avers the Government intends to introduce evidence of over two and a half years of private communications between defendant and third extrajudicial parties.[1] The defendant objects to the admission of this evidence because regardless of any probative value they may have, their value to the jury is far outweighed by the unfair prejudice to the defendant. Rather, the Government seeks to severely prejudice the jury and prevent the defendant from obtaining a fair trial.

---

[1] See Rec. Doc. 1, Complaint, attached hereto as Exhibit 1.



The government should be barred from presenting any evidence regarding the numerous inflammatory communications detailed in the Complaint[2] and discovery because the probative value of such evidence, if any exists, would be far outweighed by its prejudicial effects. More specifically, the government's primary motivation for introducing these profane communications is to bolster a weak and circumstantial case against the defendant and color the jurors' perceptions of him.

### I. Extrinsic versus Intrinsic Evidence

Before addressing the issue of whether the evidence may be admitted, a determination must be made as to whether the "other acts" evidence is "extrinsic" or "intrinsic." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). The "other acts" evidence is "intrinsic" when it is "inextricably intertwined" with the instant offense or when the "other acts" and the instant offense are part of a "single criminal episode" or when the "other acts" are "necessary preliminaries" to the instant offense. *Williams*, 900 F.2d at 825. See also *United States v. Taylor*, 210 F.3d 311, 317 (5th Cir. 2000). As the Fifth Circuit explained, "other acts" evidence which occurs at "different times and under different circumstances," is not intrinsic evidence, but extrinsic evidence. *United States v. Aleman*, 592 F.2d 881 (5th Cir. 1979). In the instant case, the other communications are not "intrinsic" evidence of the instant offense, but are "extrinsic" evidence that do not represent part of this criminal allegation. Rather, the communications outlined in the complaint and throughout the

---

[2] Id.

discovery concern noncriminal, constitutionally protected speech which is wholly separate and apart from the conduct alleged in the indictment here. The objectionable communications are largely discussions between opposing counsel in reference to prior on-going civil litigation and the defendant contends that these "other acts" are extrinsic.

## II. Rules 403 and 404

Since the "other acts" are extrinsic evidence, two rules of evidence, Rule 403 and Rule 404(b), must be balanced to determine the admissibility. The government presumably seeks to introduce these prior communications pursuant to Federal Rules of Evidence 404(b), which states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

However, Rule 404(b) must be considered in light of Rule 403, which provides a general safeguard against the admission of unnecessarily prejudicial evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)(en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), the Fifth Circuit established a two-part test for determining whether other bad acts evidence could be admitted under Rule 404(b) in light

3

of the protections of Rule 403. A court must first determine whether the extrinsic evidence is relevant to an issue other than the defendant's character, and then whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice or any of the other requirements of Rule 403. *Beechum,* 582 F.2d at 911. The extrinsic evidence which the government seeks to admit in the instant case fails the two part test enunciated in *Beechum.* Moreover, even if this court were to find that the evidence constituted intrinsic evidence, the 403 balancing test still must be satisfied.

### A. Relevance

The extrinsic evidence has no relevance to any issue other than Mr, O'Dywer's character. It demonstrates his liberal use of foul language and terms of opprobruim. That unpleasant penchant does not illuminate whether the email that is the subject of the instant prosecution is a "threat." A threat requires the communication indicate a serious expression of intent to inflict bodily harm for the purpose of furthering some goal through intimidation. The mere use of foul language does not. Thus, the only similarity between the communications is Mr. O'Dwyer's characteristic derogatory language. This lone similarity is all that is needed to severely prejudice the jury against the defendant.

### B. Probative Value

Regardless of whether extrinsic or intrinsic, the probative value must outweigh the prejudice to Mr. O'Dwyer. Here, the probative value is nil. The evidence of the "other acts" in this case will only serve to convince the jury that Ashton R. O'Dwyer is profane and



offensive and, therefore, should be convicted of the instant charge. As the United States Supreme Court has held, "[r]ules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged." *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337 (1949). There are other equally probative ways the government can show Mr. O'Dywer was involved in litigation which was not going well for him. Although the government has the freedom to choose how to tell its story, it may not do so in the most inflammatory way. The prejudicial effect of the admission of this evidence would be so overwhelming due to the number of and Further, no curative instruction would resolve the injustice to Mr. O'Dywer's right to a fair trial with the admission of this evidence.



**WHEREFORE**, the defendant, Ashton R. O'Dwyer respectfully requests that the this Honorable Court enter an order to prohibit the government from presenting any evidence of Mr. O'Dwyer's irrelevant and overtly prejudicial communications.

Respectfully submitted this ___ day of _____, 2010.

_____
ASHTON R. O'DWYER, JR.
*In Propria Persona*



## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by hand delivery on Gregory Kennedy, Assistant United States Attorney, 500 Poydras Street, 2nd Floor, Hale Boggs Federal Building, and Timothy Gantner, United States Pretrial Services Officer, at 500 Poydras Street, 6th Floor, Hale Boggs Federal Building, New Orleans, Louisiana 70130, this _____ day of _____, 2010.

_____
ASHTON R. O'DWYER, JR.
*In Propria Persona*