UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 10-034 |
| v. | * | JUDGE DONALD E. WALTER |
| ASHTON R. O'DWYER, JR. | * | MAGISTRATE KAREN L. HAYES |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
AND/OR ANSWER TO DEFENDANT'S MOTIONS 5, 9, AND 10**

NOW INTO COURT, comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and respectfully submits this opposition to defendant Ashton R. O'Dwyer's Motion Numbers 5, 9, and 10, and avers as follows:

**Motion No. 5 Regarding Imposition of Sanctions**

The defendant avers that the imposition of sanctions is in order for Assistant United States Attorneys Michael Magner and Gregory Kennedy, "their superiors," and Special Agent Christopher DiMenna for their respective roles in a conspiracy to quiet defendant regarding another conspiracy to defraud the "victims of Hurricane Katrina."

Specifically, the defendant argues that the United States Attorney's Office's involvement in his 2005 arrest (and subsequent detainment) for public intoxication evidences prosecutorial misconduct in bringing forth the current indictment. Alternately, he moves the Court to disqualify

both the Federal Bureau of Investigations and the United States Attorney's Office from the present case.

A federal district court will rarely dismiss an indictment on grounds of prosecutorial misconduct where such misconduct is not prejudicial to the defendant. See, United States v. White, 846 F.2d 678 (11th Cir. 1988); United States v. Owen, 580 F.2d 365 (9th Cir. 1978). The court would have to find significant infringement on the grand jury's ability to exercise independent judgment in bringing forth an indictment. See, United States v. Laboy, 909 F.2d 581 (1st Cir. 1990); United States v. Page, 808 F.2d 723 (10th Cir. 1987).

In this case, the defendant does not allege any prosecutorial misconduct that would have infringed upon or interfered with the independent exercise of the grand jury's judgment. Instead, defendant lists a number of historical events which he links together as part of a grand conspiracy involving federal judges, local attorneys, the Federal Bureau of Investigations, and the United States Attorney's Office, among others. These connections are attenuated at best and the defendant offers no factual evidence to support them. Absent a showing that the United States Attorney's Office so interfered with the grand jury as to infringe upon their independent exercise of judgment, the defendant has no viable claim of prosecutorial misconduct.

### Motion No. 9 Regarding Other Acts Evidence; Extrajudicial Statements; Credibility of Government Witnesses

**A. Other Acts Evidence**

The defendant moves in limine to oppose the introduction of "other acts" evidence under Fed. R. Evid. 404(b). He claims that evidence of his communications leading up to the e-mail in question is, regardless of its probative value, far too prejudicial to be admitted.

The government has already addressed the majority of the defendant's arguments in its Notice of Intent to Introduce "Other Acts" Evidence. Specifically, the government argues that the prior acts are indeed intrinsic to the charged crime as they are part of an "ongoing and escalating process by the defendant to threaten and intimidate numerous persons associated with litigation involving the defendant." Also see, United States v. DeGeorge, 380 F.3d 1203 (9th Cir. 2004) ("prior act evidence may be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.").

If the Court finds that the other acts are not intrinsic to the charged offense, the government has argued that they go toward intent, knowledge, and absences of mistake.

Furthermore, in his attempts to argue that his communications do not meet the standard for a "true threat," the defendant himself has advocated looking to the other communications for context. See, Argument to Support Motion No. 6, Doc. 61-29, 61-30. The defendant has specifically accused the government of cutting the specific threat from a much larger e-mail among a series of e-mails that would serve to put the communication in question into context and supposedly to show that it is hyperbole. In addition, the defendant has defended the statement as "hyperbole of the type which was routinely employed by defendant, post-KATRINA." See, Motion No. 6, Doc. 61-5. By defending his communication in this manner, the defendant has put his own intent and mind-state squarely at issue in this case. The intention behind the threat is at the heart of this case, and therefore the probative value of defendant's other acts leading up to the communication in question couldn't be greater.

3

**B. Extrajudicial Statements**

The defendant moves to bar the government from making any "extrajudicial statements," specifically citing Local Rules 53.3 and 53.5. Local Criminal Rule 53.3 is in regard to extrajudicial statements concerning specific matters which a lawyer associated with the prosecution or defense shall not discuss nor release to the public from the time of arrest to the commencement of trial. Such matters include (a) the prior criminal record, reputation or character of the accused, (b) the existence or contents of any confession, admission, or failure by the accused to make any statement, (c) the performance of any examinations or tests or the accused's failure to submit to such tests, (d) the identity of prospective witnesses, the possibility of a plea of guilty to the charged offense or a lesser offense, and (f) any opinion as to the accused's guilt or innocence or as to the merits of the case or evidence in the case.

Local Criminal Rule 53.5 is in regards to extrajudicial statements during trial, and states that no lawyer associated with the prosecution or defense shall give any extrajudicial statement relating to the trial for dissemination by public communication, except that the lawyer "may quote from or refer without comment to public records of the court in the case."

The defendant cites no examples or instances of any extrajudicial comments from the government regarding the defendant's case. The government submits that there is no basis nor any necessity for granting a motion in limine as to defendant's request.

**C. Credibility of Government Witnesses**

The defendant moves the court to bar the government from vouching for the credibility of its witnesses. Specifically, the defendant cites Berger v. United States, 295 U.S. 78, 88 (1935) for the proposition that a prosecutor may not make personal assertions regarding the credibility of a

4

government witness. In United States v. Gracia, 522 F.3d 597 (5th Cir. 2008), the court stated that a prosecutor can argue fair inferences from the evidence that a particular witness has no motive to lie, but cannot express a personal opinion on the witness's credibility. That is to say, a prosecutor can say "because this witness is in this position, they have no real motive to be untruthful," but cannot say "I believe this witness is completely truthful."

### Motion No. 10 Regarding Disclosure of Evidence

The defendant moves for pretrial disclosure of all evidence the government intends to offer at trial pursuant to Fed. R. Evid. 404(b), specifically: a description of the other crime, wrong or act; the names and addresses of all persons who were witnesses to or have knowledge of such crimes, wrongs or acts; copies of all documents, materials, or other tangible objects which the government intends to offer in connection with 404(b); all evidence which is exculpatory; and a statement of the purpose for which such evidence is being offered.

As stated above and in prior filings, the government intends to offer into evidence other acts and communications by the defendant that were made by the defendant in the course of other litigation involving the defendant. The communications and acts are intrinsic to the instant case or, in the alternative, extrinsic to the instant case but are admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, all in conformity with Rule 404(b) of Federal rules of Evidence.

Fed. R. Crim. P. 16(a)(1)(A) & (B) provide that the government, upon request, must provide the defendant with any relevant oral or written statements made by the defendant. Even if the attorney does not know of the existence of any written or recorded statement by the defendant at the time of such a request, the rule imposes an affirmative duty on the prosecutor to use due diligence

in determining whether such statements exist. Written or recorded statements by the defendant include those made in either a pre-arrest or post-arrest setting. However, oral statements must have been made "in response to interrogation by any person then known to the defendant to be a government agent." See, United States v. Johnson, 562 F.2d 515 (8th Cir. 1977); United States v. Green, 548 F.2d 1261 (6th Cir. 1977). Oral statements to third parties are not discoverable under the rule. United States v. Zarattini, 552 F.2d 753 (7th Cir. 1977).

Rule 16(a)(1)(D) provides that the government, upon defendant's request, must furnish the defendant with a copy of the defendant's criminal record. Rule 16(a)(1)(E) provides that the government must allow the defendant, upon defendant's request, to inspect any tangible items that (a) are material to preparing the defense, (b) the government intends to use in their case-in-chief, or (c) were obtained from or belong to the defendant.

Not included as mandatory discovery under Rule 16, of course, are any internal memoranda or other government documents made by an attorney in the process of investigating or prosecuting the defendant. See, Fed. R. Crim. P. 16(a)(2). This includes any statements made by prospective government witnesses under 18 U.S.C. § 3500. Id. Rule 16 also does not mandate disclosure of the names of witnesses. See, United States v. Dark, 597 F.2d 1097 (6th Cir. 1979); United States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978); United States v. Mitchell, 540 F.2d 1163, 1166 (3rd Cir. 1976); United States v. Cook, 530 F.2d 145 (7th Cir. 1976); United States v. Cannone, 528 F.2d 296, 302 (2nd Cir. 1975). However, the granting of a defendant's request for pretrial disclosure of the identities of the government's witnesses is generally within the discretion of the court. See, United States v. Chaplinski, 579 F.2d 373 (5th Cir. 1978). The defendant will usually have to make a showing that the disclosure of the identities of the government's witnesses is both material to the

preparation of the defense and reasonable in light of the circumstances.  See, United States v. Sclamo, 578 F.2d 888 (1st Cir. 1978) (a defense request for disclosure of a government witness list for the general need to prepare for cross-examination does not constitute a showing of necessity).

The defendant requests that a number of evidentiary items be disclosed, including any "other act" evidence the government intends to introduce, the names and addresses of any prospective government witnesses, any tangible documents or objects the government intends to introduce pursuant to Fed. R. Evid. 404(b), any exculpatory evidence, and a statement of purpose for each piece of evidence.  Under Rule 16, the government must provide any statements made by the defendant while subject to interrogation by a known government agent, and any tangible evidence that the government intends to introduce at trial.  However, the government need not disclose any internal memoranda or work product related to the investigation or prosecution of the defendant. The government is not required to disclose a list of prospective witnesses or their addresses.  The Court does have the discretion to mandate such disclosure, but the defendant must specifically show that the list is material to his defense, and that disclosure is reasonable in light of the circumstances. This means something greater than a mere need to cross-examine the witnesses.  Finally, the government is required under Brady v. Maryland to disclose any exculpatory evidence.  There is no requirement under Rule 16 that the government state a purpose for which it intends to introduce evidence.

In its previously filed Notice, the government attached numerous communications made by the defendant and also gave him notice of other acts by the defendant, all made in the course of his other litigations, that the government intends to introduce in its case against the defendant. Additionally, the government returned to the defendant the laptop computer which contained the

communications intended for use by the government as well as numerous other communications made by the defendant.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant's Motions 5, 9, and 10 be DENIED or deemed satisfied.

>Respectfully submitted,
>
>JIM LETTEN
>UNITED STATES ATTORNEY
>
>
>s/Gregory M. Kennedy
>GREGORY M. KENNEDY
>Assistant United States Attorney
>Louisiana Bar Roll No. 20896
>Hale Boggs Federal Building
>500 Poydras Street, Second Floor
>New Orleans, Louisiana  70130
>Telephone:  (504) 680-3102
>Greg.Kennedy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Cynthia Cimino and Virginia L. Schlueter, court-appointed stand-by counsel for defendant Ashton R. O'Dwyer, Jr. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant**: Ashton R. O'Dwyer, Jr.**

>s/Gregory M. Kennedy
>GREGORY M. KENNEDY
>Assistant United States Attorney