UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 10-034 |
| VERSUS | JUDGE DONALD E. WALTER |
| ASHTON R. O'DWYER, JR. | MAGISTRATE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Consolidated Motion to Dismiss the Indictment As Violative of Defendant's First Amendment Rights filed by Defendant, Ashton R. O'Dwyer ("O'Dwyer"). [Docs. #61-5 and #61-7]. Defendant seeks to dismiss the indictment by asserting that the First Amendment protects him from criminal prosecution since his statements were allegedly not "true threats" but merely hyperbole.

The plain language of the e-mail is not a threat, conditional or otherwise, rather it was a cry for help seeking money to pay for his prescription medication. The "threat" also contemplated suicide *if* he did not get his medication. The Motions to Dismiss should be granted. However, should a higher court disagree:

The indictment in this case charges that on or about January 29, 2010, the Defendant knowingly and willfully did transmit in interstate commerce a communication to Sean McGinn, an employee of the Bankruptcy Court for the Eastern District of Louisiana, that contained a threat to injure the Court Personnel, all in violation of Title 18, United States Code, Section 875(c). [Doc. #13]. Defendant has entered a plea of not guilty to this charge. [Doc. #24].

At the time of the allegedly threatening e-mail, the Defendant was going through a

1

bankruptcy proceeding before Bankruptcy Judge Jerry Brown. [Doc. #61-29 at 7]. He sent an e-mail on January 29, 2010 to Sean McGinn which stated:

> Well, please convey to Judge Brown my belief that he can "try" to protect the CRIMINALS Duval, Lemelle and Dennis, but he can't protect them from themselves, and the 'damage" is already done. As is the case with Judge Porteous, their impeachment is "just a matter of time". Also convey to Judge Brown a reminder that I have been totally without money since the weekend of January 8, 9, and 10, and that I have been without my anti-depressant medication, for which I have sought leave to pay Walgreen's from my most recent Social Security check, since last weekend. I could not sleep last night, which I attribute to the effects of abruptly stopping my medication on Sunday, the 24th (my pills "ran out", and I have no money to purchase more). *Maybe my creditors would benefit from my suicide, but suppose I become "homicidal"? Given the recent "security breach" at 500 Poydras Street, a number of scoundrels might be at risk if I DO become homicidal. Please ask His Honor to consider allowing me to refill my prescription at Walgreen's, and allowing me to pay them, which is a condition for my obtaining a refill.* Please communicate this missive to creditors and their counsel. Thank you.

[Rec. Doc. 1 at 6](emphasis added). Upon receipt of the e-mail, Mr. McGinn contacted the United States Marshals. They in turn contacted Mr. O'Dwyer and he was arrested later that day.

**I.   Arguments**

    A.    Defendant's Arguments

O'Dwyer argues that the e-mail did not contain a "true threat." [Rec. Doc. 61-5 at 1]. The e-mail contained mere hyperbole of the kind that O'Dwyer has become known for. [Rec. Doc. 61-5 at 1]. Also, he never intended to threaten anyone. [Rec. Doc. 61-5 at 1]. Further, he avers that his language is protected under the First Amendment. [Rec. Doc. 61-7 at 1]. In O'Dwyer's memo, he attempts to put his e-mail into context with the other e-mails that he sent to the Bankruptcy Court and other Federal officials. [Rec. Doc. 61-29 at 1]. He contends that he did not threaten anyone because it would be against the law, he never intended to threaten anyone, he identified no weapon, he identified no bodily targets, he identified no way to get past security at 500 Poydras Street, and

2

he was escorted within 500 Poydras Street. [Rec. Doc. 61-29 at 2-3]. The Defendant argues that in this Court's analysis it should expand the context of its review to include all of the e-mails that the Defendant sent to various Federal Government officials. [Rec. Doc. 61-29 at 3]. He admits in his memo that the language "was used to get Bankruptcy Judge Jerry Brown's . . . 'attention.'" [Rec. Doc. 61-29 at 4]. The Defendant contends that this is merely how he speaks. [Rec. Doc. 61-29 at 5]. The Defendant further argues that the e-mail was a cry for help. [Rec. Doc. 61-29 at 6]. O'Dwyer also states that he cannot produce all of the e-mails sent to the Bankruptcy Court to place his e-mail into context. [Rec. Doc. 61-29 at 8-9]. Defendant rests his defense on *Watts v. United States*. [Rec. Doc. 61-29 at 11]. The Defendant contends that the conditional language of his statement makes it not a true threat. [Rec. Doc. 61-29 at 13-14].

  B. Government's Arguments

The Government argues that *Watts* is distinguishable given the context of Watts' speech (a speech at a *public* rally) and O'Dwyer's statements (a *private* e-mail to court personnel). [Rec. Doc. 65 at 2]. The Government concedes that the cases in the Fifth Circuit dealing with convictions under 18 U.S.C. § 875(c) were for direct threats and the facts before this Court present an implied threat. [Rec. Doc. 65 at 3-4]. Nevertheless, the Government feels that the statements still compel the indictment to stand. [Rec. Doc. 65 at 3-4].

## II. Law and Analysis

Defendant moves the Court for a dismissal of the indictment against him, arguing that his statements, as expressed in his e-mail, are protected speech under the First Amendment of the Constitution. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. Amend I. The First Amendment does not afford protection to

speech that constitutes a threat of violence or a "true threat." *Watts v. United States*, 394 U.S. 705, 708 (1969).

A statute punishing pure speech must necessarily punish only true threats and not constitutionally protected speech, such as political hyperbole. *Watts v. United States*, 394 U.S. 705, 707-08, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969); *United States v. Morales*, 272 F.3d 284, 287 (5th Cir.2001). In this circuit, a communication is a true threat if "in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor." *United States v. Myers*, 104 F.3d 76, 79 (5th Cir.1997), *citing United States v. Bozeman*, 495 F.2d 508, 510 (5th Cir.1974) (citations and internal quotations omitted). The speaker does not have to actually intend to carry out the threat. *Black*, 538 U.S. 343, 360. The statute for the crime charged in this case requires that a defendant transmit in interstate commerce any threat to injure the person of another. *See* 18 U.S.C. §875(c). In addition to protecting individuals from the possibility that the threatened violence will occur, the prohibition also protects individuals from the fear of violence and the disruptions that such fear engenders. *Black*, 538 U.S. at 360.

Defendant characterizes his statements in his offending e-mail as "hyperbole of the type which was routinely employed by defendant, post-Katrina." [Doc. #61-5 at 1].

The Court finds that Defendant's statements are insufficient to warrant submission to a jury to determine if they are a true threat. This Court has read all of the e-mails which the Government intends to submit as evidence of other acts pursuant to Federal Rule of Evidence 404(b). [Doc. #60] and the Defendant has attached to his Motions to Dismiss. These e-mails place the allegedly offending e-mail in context. At no point did the Defendant threaten anyone. His e-mails, while filled with coarse language, did not threaten bodily harm. Phrases taken out of context could suggest a

4

threat, but reading the sentences as a whole, no threat as a matter of law was made. The cases in this Circuit that deal with convictions arising under 18 U.S.C. § 875(c) all deal with explicit threats. See *United States v. Morales*, 272 F.3d 284, 286 (5th Cir. 2001) (Defendant stated in an internet chatroom "I will kill."), *United States v. Murillo*, 234 F.3d 28, *1 (5th Cir. 2000) (Defendant stated in an e-mail "I have been very patient with them but I am tired and have been making plans, the keep f___ing with me and Judgment Day will come."), and *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997) (Defendant stated in a phone call "And I'm still talking about body bags because if you do nothing what do you expect . . . I am going to get retribution for my and my family's suffering. You can take that to the bank.").

While the Defendant's language may be inappropriate, this Court does not find the plain language of the allegedly threatening e-mail even rises to that of a threat let alone a true threat.

### III. Conclusion

Upon due consideration, **IT IS HEREBY ORDERED** that the Defendant's Motions to Dismiss [Rec. Docs. 61-5 and 61-7] are **GRANTED**. The indictment against the Defendant is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 24 day of June, 2010.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE.